```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
```

UNITED STATES OF AMERICA

              -against-                  **MEMORANDUM & ORDER**

ANTHONY ROMANELLO, LUAN BEXHETI, and     22-CR-194(EK)
JOSEPH CELSO,

                     Defendants.

```
-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Defendants Anthony Romanello and Joseph Celso are currently on trial on charges of extortionate collection of credit, conspiracy, and obstruction of justice. The government filed motions *in limine* on October 6 and November 7, 2023, *see* ECF Nos. 69 and 84, to which the Court responded in part, with its November 27 order. That order reserved judgment on one such motion: the motion to admit evidence of the defendants' reputations for having connections to organized crime. The Court held additional oral argument on this motion, ECF No. 69 at 26, on November 28, 2023, and granted it from the bench, subject to certain limitations discussed in court and below. Nov. 28 Jury Selection Tr. at 2-12 (on file with the Court). Together with the colloquy in court, this opinion memorializes the reasoning for that grant.

Reputation evidence by its very nature "must be based on hearsay." *United States v. Zhong*, 26 F.4th 536, 554 (2d Cir. 2022). Pursuant to Federal Rules of Evidence Rule 803, "testimony regarding a reputation among a person's associates or in the community concerning the person's character is not excluded by the rule against hearsay." *United States v. Zhong*, 26 F.4th at 554 (citing Fed. R. Evid. 803(21)). Generally speaking, when testifying to a defendant's reputation, a "witness is . . . allowed to summarize what he has heard in the community," so long as the testimony is relevant and the government establishes a foundation that the witness is acquainted "with the defendant, the community in which he has lived, and the circles in which he has moved." *Michelson v. United States*, 335 U.S. 469, 477 (1948).

Here, the defendants' reputations for being "wiseguys" and having "connections" to the Mafia are relevant to Counts One and Two of the indictment, at a minimum. The statute criminalizing extortionate collection of credit — 18 U.S.C. § 894 — includes as an element that the defendant knowingly and intentionally participated in the use of extortionate means to collect a debt. *See United States v. Lombardozzi*, 491 F.3d 61, 69 (2d Cir. 2007) ("[w]ith regard to the defendant's state of mind, the government must prove that he intended by his conduct

to instill fear of harm in the victim borrower" to establish a violation of 18 U.S.C. § 894).

The reputation evidence in question sheds important light on the defendants' intent — specifically, their intent to take action that would reasonably be expected to induce fear in an ordinary person. It also illuminates their knowledge of the likely effects of their words and actions. "If a man makes vaguely menacing statements, aware that he is commonly known as a violent man, then it is a reasonable inference that he intends to instill fear." *United States v. Dennis*, 625 F.2d 782, 800 (8th Cir. 1980); *see also United States v. Mulder*, 273 F.3d 91, 103 (2d Cir. 2001) (a bad reputation "frequently conveys a tacit threat of violence").[1]

Indeed, a former co-defendant *in this case* invoked this principle in his recent guilty plea. In pleading guilty to conspiracy to engage in the extortionate collection of credit, defendant Luan Bexheti allocuted as follows: "It was my intention and belief that the mere presence of one . . . or more of those other persons carried an implied a threat [sic] of force or violence, which would assist in collecting the debt,

---

[1] As the Second Circuit observed in *United States v. Pacione*, 738 F.2d 567, 570 (2d Cir. 1984), "loan sharks connected with organized crime rarely used force, or even made explicit threats to do so, because they found it unnecessary. A loan shark's victim knew all too well that if he did not pay, a likely result would be bodily harm to him or his family."

and that force may be used." Transcript: Oct. 4 Change of Plea Hearing, ECF No. 73, Exh. A, at 37.

As noted, the relevance here is to the defendants' intent, and not — at least in the first instance — to the alleged victims' state of mind.[2] Thus, the proper foundation would necessarily include a showing that the defendants are aware of their reputations. But in this case, both defendants have agreed that the government should be relieved of its burden to establish, as a foundational matter, that the defendants are

---

[2] *See, e.g., United States v. Natale*, 526 F.2d 1160, 1168 (2d Cir. 1975) (noting that "it is the conduct of the defendant, not the victim's individual state of mind, to which the thrust of the statute is directed"); *United States v. Polizzi*, 801 F.2d 1543, 1548 (9th Cir. 1986) ("The person to whom threats are made could be a government agent, or not be in actual fear for some other reason, and yet a section 894 violation could occur.").

Nevertheless, the *effect* of the defendants' reputation on the alleged victims is clearly relevant. In *United States v. Zito*, 467 F.2d 1401, 1404 (2d Cir. 1972) — a case under Section 894 — the Court of Appeals upheld the introduction of such evidence for that purpose: "Where an effort has been made to frighten a victim of extortion by intimidating his wife and using her as a conduit through which to pass threats to her husband, we cannot say that the introduction of evidence as to her reactions is error . . . . [The wife's] state of mind under such circumstances was surely relevant to the state of mind of [the victim] who was the subject of the extortion." Likewise, in *United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987), the court noted, in the context of a forcible assault case, that while "the proper standard for determining whether the requisite degree of force was displayed . . . is an objective one, *i.e.* whether the defendant's behavior would reasonably have inspired fear in a reasonable person[,] . . . the victim's subjective state of mind is not irrelevant to determining whether the amount of force threatened or displayed was sufficient to make fear reasonable." Other Circuits are in accord: in reviewing a bank robbery conviction under 18 U.S.C. § 2113(a) — where the defendant's use of "intimidation" is an element — the Seventh Circuit invoked "the [bank] teller's testimony that she in fact feared bodily harm to herself or someone else in the bank if she did not comply with Smith's demands . . . ." Such evidence, the Court held, could properly "be considered in determining whether Smith's actions would have produced fear of bodily harm in a reasonable person." *See also United States v. Wooten*, 689 F.3d 570, 577 (6th Cir. 2012) (citing additional cases).

"aware that [they are] commonly known" by their reputations. This is because, among other reasons discussed on the record, the government would have sought to prove the defendants' knowledge of their own reputations by introducing one defendant's prior state conviction pursuant to a guilty plea to enterprise corruption charges. Nov. 28 Jury Selection Tr. (on file with the Court).

Accordingly, the proffered evidence of the defendants' reputations was admitted. Indeed, as trial has progressed, it has emerged that the alleged victims were aware of more than generic "reputation" evidence, in the collective-opinion sense of what reputation evidence generally encompasses. More than that, at least one witness has attested to an actual conversation about organized crime with one of the defendants directly. Still, the requirements for reputation evidence generally have clearly been satisfied here.

The government has been cautioned to ensure that the witnesses' testimony tracks "what [they have actually] heard in the community" about the defendants. *Michelson*, 335 U.S. at 477; *see also* Nov. 29 Trial Tr. (Court directed the parties to ensure that "the witnesses will be scrupulous in limiting their testimony to the reputation, rumor, or statement or innuendo . . . that they actually heard, and not their own private framing of that thereafter"). The government has also indicated that it does not expect to introduce evidence of the defendants' reputation as members of any particular organized crime family, or that they

held a particular rank therein.  *See generally* ECF 89, Transcript: November 6 Conference, at 55:20-24; *see also* ECF 101, Transcript: November 14 Conference, at 47:1-2.

       The Clerk of Court is directed to terminate ECF No. 69.

       SO ORDERED.

                                      /s/ Eric Komitee  
                                ERIC KOMITEE  
                                United States District Judge

Dated:   December 4, 2023  
        Brooklyn, New York